FILED by _R̲6̲5̲_ D.C.

SEP 1 8 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

ESTATE OF DUANE SIMMONS,

     Plaintiff,

vs.

            09 - 61492

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

             CIV-MORENO

     Defendant.

_____/

### NOTICE OF REMOVAL     TTORRES

     Defendant, American General Life Insurance Company, improperly named as AIG American General Insurance ("American General"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court in and for Broward County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

     1.     On or about March 2, 2009, Plaintiff filed its complaint in the Circuit Court in and for Broward County, Florida, entitled Estate of Duane Maurice Simmons v. AIG American General Insurance, Case No. 09 012023 (hereinafter referred to as the "Circuit Court Action"). A copy of the complaint filed in the Circuit Court Action is attached hereto as Exhibit A. American General is the only named defendant in the action.

{M2853552;1}

2.     American General has not yet been formally served with the complaint and summons, but through the filing of this notice of removal, it accepts service thereof.

3.     Plaintiff is a probate estate established in Broward County, Florida, with Sherri Osby and Sheila Spann named as co-personal representatives, and is a citizen of Florida.

4.     American General is a Texas corporation, with a principal place of business in Texas.  Therefore, American General is a citizen of Texas.

5.     There is complete diversity of citizenship, as Plaintiff is a citizen of Florida while Defendant is a citizen of Texas.

6.     The amount in controversy exceeds $75,000, as Plaintiff is seeking payment of $1,000,000 in proceeds of the purported life insurance policy at issue.

7.     Accordingly, this action is a civil action of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a).

8.     For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9.     This Notice of Removal is filed within thirty (30) days after the date on which American General first received notice of the Circuit Court Action.  See 28 U.S.C. § 1446(b).

10.     American General will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

11.     A copy of this notice will be filed with the clerk of the Circuit Court in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, American General, hereby removes this case to the United States District Court for the Southern District of Florida.

{M2853552;1}                                    2

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Defendant
One Southeast Third Avenue, 28th Floor
Miami, FL 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By:_____
    GARY J. GUZZI
    Florida Bar Number: 159440
    Email: gary.guzzi@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent **via U.S. Mail** this _____ day of September 2009, to: **Ms. Sherri Osby (pro se)**, 11148 N.W. 35th St., Sunrise, FL 33351.

_____
Attorney

# EXHIBIT "A"

IN RE: ESTATE OF

DUANE MAURICE SIMMONS,
PERSONAL REPRESENTATIVES
SHERRI C. OSBY and SHEILA SPANN
        Plaintiffs,
v.
        AIG
AMERICAN GENERAL INSURANCE
(a corporation),
        Defendant(s).
_____/

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  **09012023**

## COMPLAINT

**COMES NOW** the Estate of DUANE SIMMONS, through his personal representatives file the

complaint against Defendant, (AIG) AMERICAN GENERAL INSURANCE, allege and affirmatively

state as follows:

### PARTIES

1.  Plaintiff's personal representatives, are individuals who at all times relevant hereto

reside in Broward County, Florida.

2.  Defendant, AIG AMERICAN GENERAL INSURANCE ("Defendant"), is a corporation

who at all times relevant hereto operates in the United States and in the State of Florida.

### JURISDICTION

3.  This is an action for Breach of Contract for failure to tender insurance policy upon death

of Duane Simmons.

### BACKGROUND

4.  The Deceased, DUANE MAURICE SIMMONS entered into a contractual agreement

with (AIG) American General Insurance on February 5, 2004 for the purchase of life insurance. (See

Exhibit "A") The Plaintiff paid for the policy.  The policy became effective as it had a clause granting the

Plaintiff temporary life insurance agreement pending approval of the application.  The application was

signed by the Plaintiff.  The Plaintiff then became deceased on March 3, 2004. (See Exhibit "B")

5.     The Plaintiff estate has made several requests through numerous Attorneys for the payment of the policy.  The company (AIG) American General Insurance has consistently refused to tender the policy.

6.     The Defendant (AIG) has consistently maintained that the Plaintiff was not covered under the policy because it was not yet approved by the company nor was payment made on the policy. (See Exhibit "C")

7.     The company produced to the Plaintiff's representatives a contract depicting facts that would absolve it of any liability for coverage of the policy.  The purported contract depicts the signature of the Plaintiff.

8.     The Representative of the estate has maintained that the contract provided by the Defendant is not the purported contract signed by the Deceased, DUANE MAURICE SIMMONS

9.     The Defendant has also mailed a letter to the Plaintiff seeking the cancellation of the policy on May 10, 2004.  However, the Plaintiff had been deceased more than two and one half (2 ½) months prior to this letter. (See Exhibit "D")

10.    Finally, in September 8, 2008, the Defendant continued and maintained its position as to the denial of coverage on the policy.

## COUNT I
## BREACH OF CONTRACT

11.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-10 of this Complaint.

12.    This is an action for Breach of Contract for failure to tender insurance policy upon death of Duane Simmons.

13.    On or about February 5, 2004 the Plaintiff Duane Simmons entered into a written contract for the purchase of life insurance policy.

14.    The Plaintiff Duane Simmons performed all obligations required for the consummation of the policy.

15.    The Plaintiff became deceased on March 3, 2004.

16.    The Plaintiff's estate sought payment on the policy.

17.    The Defendant has repeatedly denied the request and has refused to tender the policy.

2

18.    Plaintiff's e.  .e has suffered damage in the face amc  ι of the policy for One Million dollars ($1,000,000.00) because of the Defendant's breach of the agreement.

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $1,000,000.00 plus court costs, Attorneys fees, and interest on the money that are in Defendant's possession for approximately five (5) years. Plaintiff Demands a Trial by Jury.

## COUNT II
## UNJUST ENRICHMENT

19.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-10 of this Complaint.

20.    This is an action for unjust enrichment for funds on an insurance policy due to Plaintiff's estate by virtue of his death.

21.    The Defendant accepted and processed the insurance policy.

22.    The Defendant received payment on the policy.

23.    Based on the circumstances it would be inequitable for the Defendant to maintain the funds owed for the payment of the policy.

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $1,000,000.00 plus court costs, Attorneys fees, and interest on the funds of the policy. Plaintiff Demands a Trial by Jury.

## COUNT III
## DAMAGES

24.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-10 of this Complaint.

25.    Plaintiff's estate suffered damages in the amount of One Million dollars ($1,000,000.00).

26.    Plaintiff suffered damages to the extent that the Defendant has failed to tender the policy amount of One Million dollars ($1,000,000.00).

27.    Plaintiff's estate request interest on the funds had it not been retained by the Defendant.

28.    Plaintiff suffered damages by expanding time and money to litigate this matter.

3

WHEREFORE, Plaintiff's estate requests for the court to award damages in the amount of One Million dollars ($1,000,000.00) with interest, Attorneys fees, and court costs Plaintiff Demands a Trial by Jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed via U.S. Mail to AIG American General Insurance, LAH Intake Unit 111-1A, Texas Department of Insurance, 333 Guadalupe, Austin, TX 78714-9104 on this 2nd day of March 2009.

Respectfully submitted,

Sherri C. Osby
11148 NW 35th Street
Sunrise, FL 33351

4

EXHIBIT "A"

SEP-14-06 THU 04:34 PM   A. .ICAN GENERAL LIFE IN   FAX NO. 217. 81703        P. 03

YME0193085
FEB 2 6 2004
YME0193085

# AMERICAN GENERAL
### FINANCIAL GROUP

## Part A  Life Insurance Application

☒ American General Life Insurance Company, Houston, TX    ☐ The American Franklin Life Insurance Company, Springfield, IL
☐ All American Life Insurance Company, Springfield, IL        ☐ The Franklin Life Insurance Company, Springfield, IL
☐ The Old Line Life Insurance Company of America,             ☐ The United States Life Insurance Company in the City of New
  Milwaukee, WI                                                                York, New York, NY

Members American General Financial Group. American General Financial Group is the marketing name for American General Corporation and its subsidiaries.

In this application, "Company" refers to the insurance company whose name is checked above.

The insurance company checked above is solely responsible for the obligation and payment of benefits under any policy that it may issue. No other company shown is responsible for such obligations or payments.

| Personal Information |
|---|

1. Primary Proposed Insured

Name ___Duane  Simmons___   Social Security # _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_   Sex ☒ M ☐ F

Birthplace (state, country) _____   Date of Birth __2/27/73__   Age _30_

Tobacco use  Have you ever used any form of tobacco or nicotine products? ☐ yes ☐ no  If yes, date of last use _____

If yes, type and quantity of tobacco or nicotine products used _____

Driver's License No. _S552173J30E70_  State _FL_  U.S.Citizen ☒ yes ☐ no  If no, Date of Entry _____  Visa Type ___

Address _3880 NW 4 CR_   City, State _Lauderhill, FL_   ZIP _33311_

Home Phone _(770)560 5164_   Work Phone ( )   E-mail Address _____

Employer _____   Occupation _*_   Length of Employment _____

Employer Address _____   City, State _____   ZIP _____

Duties _____

Personal Income $ _____   Household Income $ _____   Net Worth $ _____

2. Other Proposed Insured

Name _____   Social Security # _____   Sex ☐ M ☐ F

Birthplace (state, country) _____   Date of Birth _____   Age _____

Relationship to Primary Proposed Insured _____

Tobacco use  Have you ever used any form of tobacco or nicotine products? ☐ yes ☐ no  If yes, date of last use _____

If yes, type and quantity of tobacco or nicotine products used _____

Driver's License No. _____   State ___  U.S.Citizen ☐ yes ☐ no  If no, Date of Entry _____  Visa Type ___

Address _____   City, State _____   ZIP _____

Home Phone ( )   Work Phone ( )   E-mail Address _____

Employer _____   Occupation _____   Length of Employment _____

Employer Address _____   City, State _____   ZIP _____

Duties _____

Personal Income $ _____   Household Income $ _____   Net Worth $ _____

3. Child Rider (Complete if a proposed insured requests child riders. If more than three children, list information in the Remarks section.
Remember to complete Part B, sections 3–7, for all proposed insured children.)

| Child Name | Sex | Birthplace (state, country) | Date of Birth |
|---|---|---|---|
| _____ | ☐ M ☐ F | _____ | _____ |
| _____ | ☐ M ☐ F | _____ | _____ |
| _____ | ☐ M ☐ F | _____ | _____ |

AGLC 0336 2001

Page 1 of 6

SEP-14-06 THU 04:34 PM  AM. .CAN GENERAL LIFE IN   FAX NO. 217..Jl703        P. 04

---

| Ownership |
|---|

4. Owner   ☒(Primary Proposed Insured   ☐ Other Proposed Insured   ☐ Trust   ☐ Other than a Proposed Insured or Trust
   **A. Complete if the proposed insured is not the owner** *(If contingent owner is required, use Remarks section.)*
   Name _____ Social Security or Tax ID # _____ Date of Birth _____
   Address _____ City, State _____ ZIP _____
   Home Phone ( ___ ) _____ Relationship to Primary Proposed Insured _____
   **B. Complete if owner is a trust** *(If trustee is premium payor, also complete section 14 D.)*
   Exact Name of Trust _____ Trust Tax ID # _____
   Current Trustee(s) _____ Date of Trust _____

| Product Information |
|---|

5. Plan of Insurance   Product Name *(If variable, complete appropriate supplement.)*   LTG Ultra /S
   Amount Applied For: Base Coverage $ 1,000,000 _____ Supplemental Coverage *(If applicable)* $ _____
   Death Benefit Compliance Test Used *(If applicable)*: ☐ Guideline Premium ☐ Cash Value Accumulation
   Premium Class Quoted   Pref. Plus Non Tobacco
   Reason for Insurance   Income Replacement for family protection.

6. Dividend Options *(For participating policy only.)*
   ☐ Cash   ☐ Premium Reduction   ☐ Paid-up Additions   ☐ Deposit Earning Interest   ☐ Other *(Explain)* _____

7. Death Benefit Options *(For UL & VUL only.)*   ☐ Option 1 - Level   ☐ Option 2 - Increasing   ☐ Option 3 - Level Plus Return of Premium

8. Riders   ☐ Waiver of Premium   ☐ Waiver of Monthly Deduction   ☐ Waiver of Monthly Guarantee Premium
   ☐ Maturity Extension Rider -- Accumulation Value   ☐ Maturity Extension Rider – Death Benefit   ☐ Terminal Illness Rider
   ☐ Accidental Death Benefit $ _____   ☐ Other Insured $ _____   ☐ Child $ _____
   ☐ Spouse $ _____   Plan _____   ☐ Other Rider(s) _____

| Beneficiary |
|---|

➜

9. Primary   Name _____ Relationship _____ % Share _____
            Name _____ Relationship _____ % Share _____

10. Contingent   Name _____ Relationship _____ % Share _____
               Name _____ Relationship _____ % Share _____

11. Trust Information   Exact Name of Trust _____ Trust Tax ID # _____
                       Current Trustee(s) _____ Date of Trust _____

12. Rider Beneficiaries   Spouse Rider _____ Child Rider _____

| Business Coverage |
|---|

13. Business Details *(Complete only if applying for business coverage.)*
   Does any proposed insured have an ownership interest in the business? ☐ yes ☐ no
   If yes, what is the percentage of ownership for the: Primary Proposed Insured _____ Other Proposed Insured _____
   If buy-sell, stock redemption, or key person insurance, will all partners or key people be covered? ☐ yes ☐ no
   Describe any special circumstances. _____

| Premium |
|---|

14. Premium Payment   ☒ Modal $ 360/yr.   ☐ Single $ _____   ☐ Additional Initial $ _____
   A. Frequency of modal premium:   ☒ Annual   ☐ Semi-annual   ☐ Quarterly   ☐ Monthly (Bank draft)
   B. Method:   ☐ Direct Billing   ☐ Bank Draft *(Complete Bank Draft Authorization.)*   ☐ List Bill; Number _____
             ☐ Other *(Please explain.)* _____
   ➜ C. Amount submitted with application $ Ø
   D. Premium Payor *(Complete if other than proposed insured.)*
   Name _____ Social Security or Tax ID # _____ Home Phone ( ___ )
   Address _____ City, State _____ ZIP _____

AGLC 0336-2001

Page 2 of 8

JUN-03-2008  14:19        DT  OF FINANCIAL SERVICE                    8509215759    P.04
SEP-14-06 THU 04:54 PM   INLN?

## Existing Coverage

15. Other Life Insurance or Annuities  (Indicate life insurance policies or annuities in force or pending for the proposed insured(s).)
☑ Check if none
Type:  i = individual, b = business, g = group, p = pending life insurance or annuity

| Name of Proposed Insured | Policy Number | Insurance Company | Type(s) (see above) | Year of Issue | Face Amount | Replace* | 1035 Ex |
|---|---|---|---|---|---|---|---|
| | | | | | | ☐ yes | ☐ yes |
| | | | | | | ☐ yes | ☐ yes |
| | | | | | | ☐ yes | ☐ yes |
| | | | | | | ☐ yes | ☐ yes |

* Replace means that the insurance being applied for may replace, change or use any monetary value of any existing or pending life insurance policy or annuity.  If replacement may be involved, complete and submit replacement-related forms.  Please note: certain states require completion of replacement related forms even when other life insurance or annuities are not being replaced by the policy being applied for.

## Limited Temporary Life Insurance Eligibility

16. Health and Age Questions  (If any proposed insured answers yes to either question, temporary insurance is not available, the agreement will be void and any payment submitted will be refunded.)
   A. Has any proposed insured ever had a heart attack, stroke, cancer, diabetes or disorder of the immune system, or during the last two years been confined in a hospital or other health care facility or been advised to have any diagnostic test or surgery not yet performed?     ☐ yes ☑ no
   B. Is any proposed insured age 71 or above?     ☐ yes ☑ no

## Nonmedical Questions

17. Background Information  (Complete questions A through F for all proposed insureds who are applying. If yes answer applies to any proposed insured, provide details specified after each question.)
   A. Do any proposed insureds intend to travel or reside outside of the United States or Canada within the next two years?     ☐ yes ☑ no
      (If yes, list proposed insured's name, country, date, length of stay and purpose.) _____
   B. In the past five years, have any proposed insureds participated in, or do they intend to participate in: any flights as a trainee, pilot or crew member, scuba diving, skydiving or parachuting, ultralight aviation, auto racing, cave exploration, hang gliding, boat racing, mountaineering, extreme sports or other hazardous activities?     ☐ yes ☑ no
      (If yes, circle the applicable activities and complete the Aviation and/or Avocation Questionnaire.)
   C. Have any proposed insureds:
      1) During the past 90 days submitted an application for life insurance to any other company or begun the process of filling out an application?     ☐ yes ☑ no
         (If yes, list proposed insured's name, company name, amount applied for, purpose of insurance and if app will be placed.) _____
      2) Ever had a life or disability insurance application modified, rated, declined, postponed, withdrawn, canceled or refused for renewal?     ☐ yes ☑ no
         (If yes, list proposed insured's name, date and reason.) _____
   D. Have any proposed insureds ever filed for bankruptcy?  (If yes, list proposed insured's name, chapter filed, date, reason and if discharged.)     ☐ yes ☑ no
   E. In the past five years, have any proposed insureds been charged with or convicted of driving under the influence of alcohol or drugs or had any driving violations?  (If yes, list proposed insured's name, date, state, license no. and specific violation.)     ☐ yes ☑ no
   F. Have any proposed insureds ever been convicted of, or pled guilty or no contest to a felony, or do they have any such charge pending against them?  (If yes, list proposed insured name, date, state and felony.)     ☐ yes ☑ no

## Remarks

18. Details and Explanations _____

AOI C 0136-2001                                                           Page 3 of 8

SEP-14-06 THU 04:35 PM    _RICAN GENERAL LIFE IN    FAX NO. 21,7891703    P. 07

---

### Agent's Report

**1. Statements**

A. Number of years you have known: Primary Proposed Insured ___Stranger___ Other Proposed Insured _____

B. I have ordered/obtained the following requirements: ☐ APS  ☐ Blood Profile/Urinalysis  ☐ EKG  ☐ Inspection Report
☐ MD Exam  ☐ Oral Fluids *(as state permits)*  ☒ Paramedical Exam  ☐ Treadmill  ☐ Urinalysis Only

C. If requirements are scheduled, please provide name of examiner, clinic and date ordered. _____
___Superior___

D. Did you personally see the proposed insured(s) on the date of this application, ask each question, and accurately record the answers yourself? *(If no, please provide details in the Remarks section below.)*

E. Do you have any information that indicates that any proposed insured may replace, change, or use any values of any existing or pending life insurance policy or annuity with any company in connection with the purchase of insurance? *(If yes, please provide details in the Remarks section below and attach all replacement-related forms. Certain states require completion of replacement-related forms even when other life insurance or annuities are not being replaced by the policy being applied for.)*  ☒ yes  ☐ no

F. Are you aware of any information that would adversely affect any proposed insured's eligibility, acceptability, or insurability? *(If yes, please provide details in the Remarks section below, and do not provide limited temporary life insurance.)*  ☐ yes  ☒ no

G. Did you provide the client with a Limited Temporary Life Insurance Agreement?  ☐ yes  ☒ no

H. Have any of the proposed insureds or the owner submitted an application for coverage with any insurance member of the American General Financial Group within the last 30 days?  ☐ yes  ☒ no

I. If primary proposed insured is a child or age 18 and over and not self-supporting, what amount of insurance is in force on the father? $ _____ and/or mother? $ _____ and/or siblings? $ _____  ☐ yes  ☒ no

J. Are you related by blood or marriage to any proposed insured? *(if yes, relationship)* _____  ☐ yes  ☒ no

---

### Remarks

**2. Details and Explanations** *(Please include information on any split dollar, collateral assignment, etc.)* _____

_____

_____

_____

_____

_____

---

### Commission

**3. Agent/Agency Information** *(Please list servicing agent first.)*

| Agent(s) to Receive Commission | Agency Number | Agent Number | Percent of Split | Broker-Dealer (if variable) |
|---|---|---|---|---|
| Brian Schwein | 0t47t | 0t497 | 100 | ☐ AGSI  ☐ FFSC ☐ Other: |
| PPHG | A0790 | | | ☐ AGSI  ☐ FFSC ☐ Other: |
| | | | | ☐ AGSI  ☐ FFSC ☐ Other: |
| | | | | ☐ AGSI  ☐ FFSC ☐ Other: |

Writing Agent  X _Brian Schein_

Social Security or Tax ID # _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_          Date _2-5-04_

E-mail Address _____                         Phone # ( 949 ) 551-1133

For Broker-Dealer use                               Fax # ( )

Processing Center _____     Contact Person _____     Phone # ( )

Servicing Agent (if other than writing agent) send policy/delivery requirements to _____

_____

AGLC 0330-2001

*PPHG*

JUN-03-2008  14:20      I   T OF FINANCIAL SERVICE          85092:.5759       P. 05
                                                                              P. 06

## Authorization and Signatures

**Authorization to Obtain and Disclose Information and Declaration**

I hereby give my consent to all of the entities listed below to give American General Life Companies (AGLC), (a corporation providing services to affiliated life insurance companies that are members of American General Financial Group), its legal representatives or its affiliated life insurance companies, all information they have pertaining to medical consultations, treatments, or surgeries; hospital confinements for any physical and mental conditions; use of drugs or alcohol; or any other nonmedical information; for me, my spouse, or my minor children.  Nonmedical information could include items such as: personal finances, habits, hazardous avocations, motor vehicle records from the Department of Motor Vehicles or court records, foreign travel, etc. The list of entities for which I give my consent to provide the information above is as follows: any physician or medical practitioner; any hospital, clinic or other health care facility; any insurance or reinsurance company; any consumer reporting agency or insurance support organization; my employer; or the Medical Information Bureau (MIB).

I understand the information obtained will be used by AGLC and its affiliated insurers to determine eligibility for insurance and eligibility for benefits under an existing policy. AGLC or its affiliated insurers may disclose such information and any information developed during its evaluation of my application to: its reinsurers, MIB, other persons or organizations performing business or legal services in connection with my application or claim, me, any physician designated by me, or any person or entity required to receive such information by law or as I may further consent. I, as well as any person authorized to act on my behalf, may, upon written request, obtain a copy of this consent from AGLC.

This consent will be valid for 24 months from the date of this application. I agree that a photocopy of this consent will be as valid as the original. I authorize AGLC to obtain an investigative consumer report on me. I understand that I may: request to be interviewed in connection with the preparation of the report; and receive, upon written request, a copy of such report.  ☐ Check if you wish to be interviewed.

I have read the above statements or they have been read to me. The above statements are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued on this application. I understand that any misrepresentation contained in this application and relied on by the insurer issuing the policy may be used to reduce or deny a claim or void the policy, if it is within its contestable period and if such misrepresentation materially affects the acceptance of the risk.  Except as may be provided in a Limited Temporary Life Insurance Agreement (LTIA) for which all eligibility requirements are met, I understand and agree that no insurance will be in effect pursuant to this application, or under any new policy issued by the insurer, unless or until the policy has been delivered and accepted, the full first modal premium for the issued policy has been paid, and there has been no change in the health of any proposed insured that would change the answers to any questions in the application.

I understand and agree that no agent is authorized to: accept risks or pass upon insurability, make or modify contracts, or waive any of the insurer's rights or requirements.

I have received a copy of the Notice to Proposed Insured regarding Fair Credit Reporting Act, the MIB, Insurance Information Practices, and Telephone Interview Information.

Limited Temporary Life Insurance Agreement -- If eligible, I have received and accepted the LTIA. Temporary Insurance is available only if, the full first modal premium is submitted with this application and only "no" answers have been given by any proposed insured to the Health and Age questions in section 16.

Under penalties of perjury, I certify: (1) that the number shown on this application is my correct Social Security or Tax ID number; and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code; and (3) that I am a U.S. person (including a U.S. resident alien). The Internal Revenue Service does not require my consent to any provision of this document other than the certifications required to avoid backup withholding. You must cross out item (2) if you are subject to backup withholding and cross out item (3) if you are not a U.S. person (including a U.S. resident alien).

Proposed Insured(s)/Owner Signature(s)

Signed at (city, state)  _Newport Beach , CA_         On (date)  _2/5/04_

X _____              X _____
Primary Proposed Insured (if under age 15, signature of parent or guardian)   Other Proposed Insured (if under age 15, signature of parent or guardian)

X _____
Owner (if other than proposed insured)

Agent(s) Signature(s)

I certify that the information supplied by the proposed insured(s)/owner has been truthfully and accurately recorded on the Part A application.

_Bruin Schneier_
Writing Agent Name (please print)                    _0UF77_
                                                     Writing Agent #
X _____
Writing Agent Signature                              X _____
                                                     Countersigned (Licensed resident agent if state required)

| If the Company needs to contact the proposed insured(s), when would be the best time to call? | | |
| Time | Day of the Week | Date |

AGLC 0536-2001

Phone # (     )

Page 4 of 8

EXHIBIT "B"



STATE OF FLORIDA

23234716   CERTIFICATION OF VITAL RECORD

**EXHIBIT "C"**



Janet Carr
Consumer Affairs Analyst
Direct Line: (217) 541-7909
Toll Free: (800) 528-2011, extension 47909
Fax: (217) 541-7900
E-mail: compliance_consaffairs@aigag.com

September 8, 2008

LAH Intake Unit 111-1A
Texas Department of Insurance
333 Guadalupe
P.O. Box 149104
Austin, TX 78714-9104

Re:     Your Document ID: 839853
        Letter ID: 877732
        Complainant: Sherri Osby
        Insured: Duane Simmons
        Application for Policy No.: YME0193085
        NAIC No.: 60488

Dear Sir or Madam:

This letter is in response to your September 3, 2008 correspondence regarding the above named policy. I welcome the opportunity to be of assistance.

Our records indicate that the Company has already responded to Ms. Osby's concerns on several different occasions. Enclosed are copies of all inquiries as well as our corresponding responses. In addition, I am enclosing the Company's record of the documented phone call received on May 4, 2004 notifying us of Mr. Simmon's death.

As mentioned in our prior responses, the application for policy number YME0193085 was never approved by the underwriting department as there were still outstanding requirements. In addition, there was no premium submitted with the application. Policy YME0193085 was never issued or in effect.

Ms. Osby continues to refer to a premium refund that she received from the Company. After further research the Company found that Mr. Simmons did have a policy with American General Life and Accident Insurance Company which is a subsidiary of American General Life Insurance Company. Our contact at the American General Life and Accident Insurance Company has provided us with additional information regarding this contract. Policy number 199012830 was issued as a 20 Year Term Life Insurance policy on the life of Duane Simmons for a face amount of $25,000.00 and an effective date of February 3, 1999.

According to their records, this policy lapsed with no value due to nonpayment of premium on May 3, 2000. Issued in connection with this policy was the Savings Annuity Benefit Rider. At the death of Duane Simmons, American General Life and Accident Insurance Company issued a check in the amount of $74.86 which represents the value in the Savings Annuity Benefit Rider. Any further inquiries regarding this policy should be made directly to the American General Life and Accident Insurance Company.

In addition, please note that the application for policy YME0193085 was written in the state of California. Therefore, the Company believes that the appropriate jurisdiction for this matter is in California and respectfully requests that the Texas Department of Insurance remove this complaint from its log.

**American General Life Companies**
*Member of the American International Group, Inc.*
3051 Hollis Drive, Springfield, IL 62704

Page 2

If I can be of further assistance, please contact me at (800) 528-2011, extension 47909 or via the email or fax number listed at the top of this correspondence.

Sincerely,

*Janet Carr*

Janet Carr
Consumer Affairs Analyst

**American General Life Companies**
*Member of the American International Group, Inc.*
3051 Hollis Drive, Springfield, IL  62704

EXHIBIT "D"



May 10, 2004

Duane Simmons
3880 NW 4th Ct
Lauderhill FL 33311-8224

Re: Duane Simmons
Policy #: YME0193085

Dear Duane Simmons,

We appreciate the confidence you have shown in American General Life Insurance Company by submitting an application for life insurance through BRIAN J SCHNEIER.

It has come to our attention that you no longer wish to pursue insurance coverage with our company. Although we would like to continue underwriting for you, we are now closing our file as requested.

Please note that no coverage is in effect and any temporary life insurance agreement or conditional receipt is hereby no longer in force. If money was submitted with the application, a refund will be sent under separate cover.

Should you have any questions, please contact BRIAN J SCHNEIER at 949-553-1133.

Sincerely,

Karen Schmitt
New Business Department

c: BRIAN J SCHNEIER
    0UF77 / 0UF77

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

09-61492

FILED by ROS D.C.

SEP 18 2009

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. – MIAMI

| I.(a) PLAINTIFF | DEFENDANTS |
|---|---|
| ESTATE OF DUANE SIMMONS, | AMERICAN GENERAL LIFE INSURANCE COMPANY, |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Sherri C. Osby (pro se personal representative of estate) 11148 N.W. 35th Street Sunrise, FL 33351 | ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Gary J. Guzzi, Esq. Akerman Senterfitt One S.E. Third Ave. 25th Fl. Miami, FL 33131 Telephone: 305-374-5600 |

CIV-MORENO

(d) CIRCLE COUNTY WHERE ACTION AROSE:
**BROWARD**

J. TORRES

| II. BASIS OF JURISDICTION | III. CITIZENSHIP OF PRINCIPAL PARTIES |
|---|---|

(PLACE AN X IN ONE BOX ONLY)

| | | |
|---|---|---|
| 1. U.S. Government Plaintiff | 3. Federal Question (U.S. Government Not a Party) | |
| 2. U.S. Government Defendant | 4 **X** Diversity (Indicate Citizenship of Parties in Item III | |

III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated and Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

IV. CAUSE OF ACTION
**Breach of Contract**

IVa. _2_ days estimated (for both sides) to try entire case

| V. NATURE OF SUIT | | (PLACE AN X IN ONE BOX ONLY) | | | |
|---|---|---|---|---|---|
| **A CONTRACT** | **A TORTS** | **B FORFEITURE PENALTY** | **A BANKRUPTCY** | **A OTHER STATUS** |

| A CONTRACT | PERSONAL INJURY | PERSONAL INJURY | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| **X** 110 Insurance | ▢ 310 Airplane | ▢ 362 Personal Injury-Med Malpractice | ▢ 610 Agriculture | ▢ 422 Appeal 28 USC 158 | ▢ 400 States Reappointment |
| ▢ 120 Marine | ▢ 315 Airplane Product Liability | ▢ 365 Personal Injury-Product Liability | ▢ 620 Other Food & Drug | ▢ 423 withdrawal 28 USC 157 | ▢ 410 Antitrust |
| ▢ 130 Miller Act | ▢ 320 Assault, Libel & Slander | ▢ 368 Asbestos Personnel Injury | ▢ 625 Drug Related Seizure of Property 21 USC 881 | | ▢ 430 Banks and Banking |
| ▢ 140 Negotiable Instrument | ▢ 330 Federal Employers' Liability | | ▢ 630 Liquor Laws | **A PROPERTY RIGHTS** | ▢ 450 Commerce/ICC Rates/etc. B |
| ▢ 150 Recovery of Overpayment & Enforcement of Judgment | ▢ 340 Marine | PERSONAL PROPERTY | ▢ 640 R.R. & Truck | ▢ 820 Copyrights | ▢ 460 Deportation |
| ▢ 151 Medicare Act | ▢ 345 Marine Product Liability | ▢ 370 Other Fraud | ▢ 650 Airline Regs | ▢ 830 Patent | ▢ 470 Racketeer Influenced and Corrupt Organizations |
| ▢ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ▢ 350 Motor Vehicle | ▢ 371 Truth in Lending B | ▢ 660 Occupational Safety/Health | ▢ 840 Trademark | ▢ 810 Selective Service |
| ▢ 153 Recovery of Overpayment of Veteran's Benefits B | ▢ 355 Motor Vehicle Product Liability | ▢ 380 Other Personal Property Damage | ▢ 690 Other | **B SOCIAL SECURITY** | ▢ 850 Securities/Commodities/ Exchange |
| ▢ 160 Stockholder's Suits | ▢ 360 Other Personal Injury | ▢ 385 Property Damage Product Liability | | ▢ 861 HIA (1395f) | ▢ 875 Customer Challenge 12 USC 3410 |
| ▢ 190 Other Contract | | | **A LABOR** | ▢ 862 Black Lung (923) | ▢ 891 Agricultural Acts |
| ▢ 195 Contract Product Liability | | | ▢ 710 Fair Labor Standards Act | ▢ 863 DIWC/DIWW (405(g)) | ▢ 892 Economic Stabilization Act |
| | | | ▢ 720 Labor Management Relations B | ▢ 864 SSID Title XVI | ▢ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ▢ 730 Labor Management Reporting & Disclosure Act | ▢ RSI (405(g)) | ▢ 894 Energy Allocation Act |
| | | | | | ▢ 895 Freedom of Information Act |
| ▢ 210 Land Condemnation | ▢ 441 Voting | ▢ Motions to Vacate Sentence Habeas Corpus | ▢ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ▢ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ▢ 220 Foreclosure B | ▢ 442 Employment | ▢ 530 General | ▢ 790 Other Labor Litigation | ▢ 870 Taxes (U.S. Plaintiff or Defendant) | ▢ 950 Constitutionality of State Statutes |
| ▢ 230 Rent Lease & Ejectment | ▢ 443 Housing/ Accommodations | ▢ 535 Death Penalty | 791 Employee Ret. Inc. Security Act B | ▢ 871 IRS-Third Party 26 USC 7609 | ▢ 890 Other Statutory Actions* *A or B |
| ▢ 240 Torts to Land | ▢ 444 Welfare | ▢ 540 Mandamus and Other* | | | |
| ▢ 245 Tort Product Liability | ▢ 440 Other Civil Rights | ▢ 550 Civil Rights* | | | |
| ▢ 290 All Other Real Property | | ▢ * A or B | | | |

| VI. ORIGIN | | (PLACE AN X IN ONE BOX ONLY) | | |
|---|---|---|---|---|
| ▢ Original Proceeding | **X** Removed from State Court | ▢ Remanded from Appellate Court | ▢ Refiled | ▢ 6 Multidistrict Litigation | ▢ Appeal to District Judge from Magistrate Judgment |
| | | ▢ Transferred from another district (specify) | | |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ▢ UNDER F.R.C.P. 23 | CLASS ACTION | DEMAND $ | ▢ Check YES only if demanded in complaint. JURY DEMAND: | **X** yes  NO |
|---|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions | | | |
|---|---|---|---|---|
| | | JUDGE_____ | | JUDGE_____ |

DATE **September 18, 2009**

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY:  Receipt No._____    M/ifp:_____

Amount: $ 350.

1008675

9/18/09

{M2853977;1}